986 So.2d 240 (2008)
STATE of Louisiana, Appellee,
v.
Marcus THOMAS, Appellant.
Nos. 43,273-KA, 43,274-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
Louisiana Appellate Project by Edward K. Bauman, Marcus Thomas, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, John W. Montgomery, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
STEWART, J.
Defendant Marcus Thomas pled guilty to two counts of distribution of a Schedule II controlled dangerous substance, namely cocaine, in violation of La. R.S. 40:967(A)(1). He was sentenced to serve two concurrent 20-year sentences of imprisonment at hard labor, with all but ten years of each sentence to be suspended and the first two years of each sentence to be served without the benefit of parole, probation or suspension of sentence. The defendant now appeals.
The defendant's appellate counsel has filed a motion to withdraw, together with a Benjamin[1] brief in support of the motion. The motion to withdraw is granted, and the defendant's conviction and sentence are affirmed.

FACTS
On May 19, 2006, investigating officers with the Webster Parish Sheriff's Department sent a reliable confidential informant into Springhill, Louisiana, to attempt to *241 purchase illegal narcotics from any person willing to sell. Through an audio receiver, the officers overheard the confidential informant informing the defendant that he "wanted one twenty," which is street slang for twenty dollars' worth of crack cocaine. At a prearranged location, the officer searched the confidential informant and found a plastic bag that contained two small off-white rocks of suspected crack cocaine. A video recording captured this transaction.
On June 1, 2006, investigating officers with the Webster Parish Sheriff's Department sent another reliable confidential informant into Springhill, Louisiana, to attempt to purchase illegal narcotics from any person willing to sell. Through an audio receiver, the officers overheard the confidential informant informing the defendant that he "wanted a forty," which is street slang for forty dollars' worth of crack cocaine. At a prearranged location, the officer searched the confidential informant and found a plastic bag that contained two small off-white rocks of suspected crack cocaine. A video recording also captured this transaction taking place between the defendant and the confidential informant.
On June 20, 2006, Agent Kathy Flowers was working in an undercover capacity in Springhill, Louisiana. In this capacity, Agent Flowers also purchased two rocks of suspected crack cocaine from the defendant for $100.00.
On July 6, 2006, the defendant was arrested and charged with two counts of Distribution of Schedule II crack cocaine, for the offenses that occurred on May 19, 2006 and June 1, 2006. On August 15, 2006, the Springhill police officers executed a warrant on the defendant at the Bayou Dorcheat Correctional Center, charging him with Distribution of Schedule II Crack Cocaine Inside a Drug Free Zone, for the offense that occurred on June 20, 2006.
The defendant was originally charged in two separate bills of information with a total of three counts of distribution of a Schedule II controlled dangerous substance, namely cocaine, in violation of La. R.S. 40:967(A)(1). On March 12, 2007, the defendant pled guilty to two counts of distribution of a Schedule II controlled dangerous substance, namely cocaine, in violation of La. R.S. 40:967(A)(1), one under each bill of information. As part of a plea bargain agreement, the state agreed that the sentences on each count would run concurrently and that there would be a 20-year cap on each count. The state also agreed not to file a habitual offender bill against the defendant and to nol pros the third charged count of distribution to which the defendant was not entering a guilty plea. The court ordered the preparation of a presentence investigation.
On August 27, 2007, the defendant was sentenced to serve two concurrent 20-year sentences of imprisonment at hard labor, with all but ten years of each sentence to be suspended and the first two years of each sentence to be served without the benefit of parole, probation or suspension of sentence. The court also ordered the defendant to pay a fine of $2,000 on each count plus court costs and "one off-duty witness fee." Additionally, the court ordered the defendant to be on active, supervised probation for five years following his release, with special conditions of his probation to include refraining from drug and alcohol use and a $55.00 a month probation and parole fee.
This appeal followed, and the defendant's appellate counsel has filed an Anders brief, seeking to withdraw and alleging that he could find no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 *242 L.Ed.2d 493 (1967), rehearing denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The state has filed an appellate brief in this matter concurring that there are no non-frivolous issues to raise on appeal. On February 4, 2008, this court notified the appellant, Marcus Thomas, that he may file a brief in this appeal within 30 days of its order. The defendant has not requested the record and has not filed any brief.

DISCUSSION
In the present case, the defendant's appellate counsel has filed a brief following the procedure approved by the United States Supreme Court in Anders v. California, discussed in State v. Benjamin, and adopted in State v. Bradford. Anders v. California, supra; State v. Benjamin, supra; State v. Bradford, 95-929, 95-930 (La.App. 5th Cir.6/25/96), 676 So.2d 1108.
In Anders, the United States Supreme Court held that, on appeal:
... if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of the counsel's brief should be furnished to the indigent and time allowed to him to raise any points that he chooses; the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
The clerk of this court sent a letter to the defendant informing him that he could file a supplemental brief, complying with Rule 2-12 of the Uniform Rules of Louisiana Courts of Appeal, by February 11, 2008. The defendant has not filed a supplemental brief. Appellate counsel sent the defendant a copy of the appellate brief, and advised the defendant of his right to file a supplemental brief.
The appellate brief outlines the procedural history of the case and the terms of the plea agreement which gave rise to the defendant's convictions. The appellate brief also contains "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, supra. Defense counsel further verifies that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Mouton, and Benjamin, supra.
This court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information was correctly done and formal arraignment was waived. There were no errors patent found in the guilty plea or sentencing proceedings.
Furthermore, while the record supports the defendant's sentences, they were also imposed under an agreed upon sentencing cap. The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). Jurisprudence has established that Article 881.2(A)(2) applies to plea agreements involving both *243 specific sentences and sentencing caps. State v. Young, XXXX-XXXX (La.10/15/96), 680 So.2d 1171. Due to the fact that the defendant's sentences were imposed under an agreed upon sentencing cap, they may not be appealed by the defendant.

CONCLUSION
We hereby grant the defendant's appellate counsel's motion to withdraw and affirm the defendant's conviction and sentence.
MOTION TO WITHDRAW GRANTED; AFFIRMED.
NOTES
[1] State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).